UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET MCKINNEY and JAZMIN I. WILLIAMS, ) ) Plaintiffs, ) ) v. ) ) JUDGE JAMES M. CAPUTO, ) ) Defendant. ) | Case No. 15-CV-0621-CVE-FHM |

## OPINION AND ORDER

Now before the Court are plaintiffs' Complaint (Dkt. # 1) and plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2). On October 28, 2015, plaintiffs Janet McKinney and Jazmin I. Williams filed this case alleging that Judge James Caputo of the Tulsa County District Court engaged in judicial misconduct. Dkt. # 1. Plaintiffs seek damages in the amount of $2 million for "discrimination, humiliation, [and] expert fees . . . ." Id. at 2. Based on the documents attached to the complaint, it appears that Williams was charged with a crime in relation to the death of a child. Dkt. # 1, at 81. Plaintiffs allege that defendant abused his discretion by allowing Williams' attorney to withdraw from the case. Id. at 3. They also allege that defendant made McKinney leave the courtroom during Williams' trial, and they claim that defendant "created a hostile and threatening environment" for McKinney during the trial. Id. at 4. Plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). However, this does not mean that the Court can

function as an advocate for plaintiffs and the Court may not attempt to construct a claim for plaintiffs. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiffs' complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiffs' pro se status, the Court cannot permit plaintiffs to proceed with this case if the Court lacks subject matter jurisdiction over their claims. Plaintiffs have not alleged that the parties are diverse, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331. Under

§ 1331, a claim invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Plaintiffs allege that defendant "failed to exercise sound, reasonable and legal decision making skills" and that he engaged in judicial misconduct, and they could be attempting to allege a claim under 42 U.S.C. § 1983. It appears that all of the actions about which plaintiffs complain took place while defendant was presiding over a criminal case, and plaintiffs are alleging that defendant performed his job as a judge in an "unprofessional" manner. Dkt. # 1, at 3-4. The law is clear that a judge has absolute immunity "for acts made in the exercise of . . . judicial discretion." Andrews v. Heaton, 483 F.3d 1070 (10th Cir. 2007). This rule does not apply to acts taken outside of the judge's judicial capacity or judicial acts made in the "complete absence of jurisdiction." Stein v. Disciplinary Bd. of Supreme Court of New Mexico, 520 F.3d 1183, 1195 (10th Cir. 2008). Plaintiffs allege that defendant acted in an unprofessional manner during criminal proceedings, but all of the acts identified by plaintiffs occurred while defendant was acting in a judicial capacity. Defendant has absolute immunity from plaintiffs' claims, and plaintiffs' have not stated a valid claim against defendant that would give rise to federal question jurisdiction. The Court finds that the case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed for lack of subject matter jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 4th day of November, 2015.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE